FILED
United States Court of Appeals
Tenth Circuit

July 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MATTHEW DAVID SLINKARD,

Defendant-Appellant.

No. 12-5202
(D.Ct. No. 4:12-CR-00085-GKF-1)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

A jury convicted Appellant Matthew David Slinkard of one count of

distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

(b)(1) and one count of possession and attempted possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The district court sentenced him to 264 months imprisonment for the distribution count and 240 months imprisonment on the possession count, to run concurrently. While Mr. Slinkard appeals his convictions and sentences, his attorney has filed an *Anders* brief and a request to withdraw as counsel, which we treat as a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Background

After a jury convicted Mr. Slinkard on both child pornography counts, a probation officer prepared a presentence report, calculating his sentences under the applicable 2011 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set his base offense level at 22 under U.S.S.G. § 2G2.2(a)(2), based on his conviction in violation of 18 U.S.C. § 2252(a)(2),[1] and added several levels of enhancements[2] for a total offense level of 37, which,

---

[1] Pursuant to U.S.S.G. § 3D1.3(b), the two counts on which Mr. Slinkard was convicted were grouped together, and the base level for the distribution of child pornography count, which was the highest level, was used to calculate his advisory Guidelines range.

[2] These enhancements included two levels under § 2G2.2(b)(2) for possessing pornographic material involving a prepubescent minor; two levels under § 2G2.2(b)(3)(F) for distributing pornographic material; four levels under § 2G2.2(b)(4) because his offense involved portrayals of sadistic or masochistic conduct or other depictions of violence; two levels under § 2G2.2(b)(6) because

(continued...)

together with his criminal history category of II, resulted in an advisory

Guidelines range of 235 to 293 months imprisonment. The probation officer also

noted Mr. Slinkard's conviction for distribution of child pornography carried a

minimum sentence of fifteen years and maximum sentence of not more than forty

years, and his conviction for possession of child pornography carried a minimum

sentence of ten years and maximum sentence of not more than twenty years.

While Mr. Slinkard did not object to the presentence report or the calculation of

his sentences, he filed a sentencing memorandum, requesting a downward

variance under 18 U.S.C. § 3553(a) for imposition of 180-month (fifteen-year)

sentences.[3] In turn, the government filed a motion for an upward variance,

requesting the statutory maximum sentence of forty years imprisonment on his

---

[2](...continued)
he used a computer for the receipt, distribution, and possession of pornography;
and five levels under § 2G2.2(b)(7)(D) because he possessed 600 or more images.

[3] Mr. Slinkard based his request for a downward variance, in part, on
grounds: (1) he was not involved in the actual production of child pornography
and did not pay for the pornographic materials so that a lesser sentence would
promote respect for the law, provide just punishment, and reflect the seriousness
of his offense; (2) such a sentence would be sufficient to deter him from future
crimes while still protecting the public; (3) a lesser sentence would be sufficient
for him to receive needed mental health care and other correctional treatment; and
(4) such a sentence would be sufficient, but not greater than necessary, to comply
with the purposes of criminal punishment. He also pointed to cases in which
defendants convicted for actual sexual exploitation received fifteen years or less
imprisonment.

distribution of child pornography conviction.[4]

At the sentencing hearing, Mr. Slinkard did not object to the calculation of his sentences or request a departure but renewed his arguments for below-Guidelines-range sentences. After hearing the parties' variant sentencing arguments and Mr. Slinkard's allocution, the district court denied both parties' motions for variant sentences. In so doing, the district court acknowledged that 143 months imprisonment is the national average sentence in child pornography cases involving a criminal history category of II; the Guidelines sentence in this case represented a sentence approximately forty percent higher than the average sentence imposed; and Mr. Slinkard's advisory Guidelines range of 235 to 293 months imprisonment was significant and would result in him being incarcerated for a large portion of his remaining life. It also noted he had never received treatment for his sexual perversions or addictions to child pornography. Nevertheless, the district court pointed out: (1) the images and videos possessed and distributed by him in the instant offenses were "egregious and perverted," and (2) Mr. Slinkard's prior conviction for sexual abuse of a three-year-old girl in a

---

[4] The government argued such a sentence was "the only way to protect the public" from Mr. Slinkard based, in part, on: (1) his criminal history, which it pointed out included a prior conviction for molesting a three-year-old child who he supervised in a church nursery; and (2) the nature of his offense and personal characteristics, including his admission he downloaded child pornography of infants and children under the age of two; masturbated to images of children; avoids encountering children to prevent being tempted; and has an unquenchable sexual appetite for children, even after serving a five-year sentence for molesting a three-year-old child.

church nursery involved lewd molestation of that child and represented extremely dangerous and depraved conduct with the capacity to produce lifetime victims.

After denying the parties' motions for variant sentencing, the district court determined sentences within the advisory Guidelines would sufficiently accomplish the purposes of 18 U.S.C. § 3553(a) and, in so doing, expressly stated it had considered the nature and circumstances of Mr. Slinkard's instant offenses; his prior criminal conduct; his personal history and characteristics; and the need to protect the public, afford adequate deterrents for future criminal conduct, and provide treatment, including sex offender treatment. It also stated its belief that within-Guidelines-range sentencing would reflect the seriousness of the offense, promote respect for the law, provide just punishment, allow for correctional treatment in the most efficient manner, protect the public from further crimes, and provide deterrence. In discussing the § 3553(a) sentencing factors, the district court stated it had considered not only Mr. Slinkard's lewd molestation of a three-year-old child but the fact he "possessed and distributed 1,298 images and 31 videos of prepubescent children forced to engage in oral, vaginal and anal sex with adults, as well as depictions of child bondage and rape." It then sentenced Mr. Slinkard to concurrent sentences of 264 months imprisonment for the distribution of child pornography count and 240 months imprisonment for the possession of child pornography count.

After Mr. Slinkard filed a timely notice of appeal, his counsel filed an

*Anders* brief, explaining a careful review of the record and applicable law revealed no legally nonfrivolous issues for appeal in this case and requesting an order allowing his withdrawal as Mr. Slinkard's counsel. *See Anders*, 386 U.S. at 744. In support of his *Anders* filing, counsel points out Mr. Slinkard's sentences are properly calculated and substantively reasonable, given the district court expressly considered the requisite § 3553(a) factors before imposing within-Guidelines sentences.

Pursuant to *Anders,* this court gave Mr. Slinkard an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Mr. Slinkard filed a one-page response, claiming ineffective assistance of counsel based on his counsel's representation of him during the trial and at sentencing. The government opposes the appeal, acknowledging Mr. Slinkard's counsel correctly concluded no nonfrivolous issues exist for the purpose of contesting his sentences and arguing Mr. Slinkard's response based on ineffective assistance of counsel should be dismissed and asserted in a collateral proceeding rather than on direct appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. We decline to review Mr. Slinkard's ineffective assistance of counsel claim on which he challenges his convictions as we have long held such claims should be brought in collateral proceedings and not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005).

Not only is his ineffective assistance claim inadequately developed in this appeal, but such a claim should be presented to the district court in a collateral proceeding for the benefit of its views on the matter. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005).

Turning to Mr. Slinkard's sentences, we review them for reasonableness as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentences imposed. The record supports the district court's calculation of his advisory Guidelines range, and because Mr. Slinkard's sentences are within that range, they are entitled to a rebuttable presumption of reasonableness. *See id.* Mr. Slinkard has failed to rebut this presumption with any nonfrivolous reason warranting lower sentences, including the requisite showing that his sentences are substantively unreasonable. *Id.*

### III. Conclusion

For these reasons, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-7-